UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CARLOS HENDON,

        Plaintiff,

    v.

CALIFORNIA MEDICAL FACILITY, et al.,

        Defendants.

No.  2:17-cv-0175 AC P

ORDER and

FINDINGS AND RECOMMENDATIONS

I.     Introduction

     Plaintiff Carlos Hendon is a state prisoner at California State Prison Corcoran (CSP-COR), under the authority of the California Department of Corrections and Rehabilitation (CDCR).[1]  Plaintiff proceeds pro se with a civil rights complaint filed pursuant to 42 U.S.C. § 1983, and a request for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  Plaintiff commenced this action while incarcerated at California State Prison Sacramento (CSP-SAC).

     This action is referred to the undersigned United States Magistrate Judge pursuant to 28

---

[1]  Plaintiff's current location has been determined by reference to CDCR's Inmate Locator website.  See http://inmatelocator.cdcr.ca.gov/  This Court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201; see also City of Sausalito v. O'Neill, 386 F.3d 1186, 1224 n.2 (9th Cir. 2004) ("We may take judicial notice of a record of a state agency not subject to reasonable dispute.").

1

U.S.C. § 636(b)(1)(B) and Local Rule 302(c). For the following reasons, the undersigned

recommends that plaintiff's request to proceed in forma pauperis be denied under 28 U.S.C. §

1915(g) ("three strikes rule"), and that plaintiff be directed to submit the full filing fee ($400.00)[2]

in order to proceed with this action.

## II. Plaintiff is a Three-Strikes Litigant

### A. Legal Standards

Under 28 U.S.C. § 1915, a federal court may authorize commencement and prosecution of

a suit without prepayment of fees by a person who submits an affidavit demonstrating that he or

she is unable to pay such fees. However, under 28 U.S.C. § 1915(g):

> In no event shall a prisoner bring a civil action or appeal a judgment
> in a civil action or proceeding under this section if the prisoner has,
> on 3 or more prior occasions, while incarcerated or detained in any
> facility, brought an action or appeal in a court of the United States
> that was dismissed on the grounds that it is frivolous, malicious, or
> fails to state a claim upon which relief may be granted, unless the
> prisoner is under imminent danger of serious physical injury.

A "three-strikes litigant" under this provision is precluded from proceeding in forma

pauperis in a new action unless he was "under imminent danger of serious physical injury" at the

time he commenced the new action. See 28 U.S.C. § 1915(g); Andrews v. Cervantes, 493 F.3d

1047, 1053 (9th Cir. 2007). The danger must be real, proximate, Ciarpaglini v. Saini, 352 F.3d

328, 330 (7th Cir. 2003), and ongoing, Andrews, 493 F.3d at1056. Allegations that are overly

speculative or fanciful may be rejected. Id. at 1057 n.11. Courts need "not make an overly

detailed inquiry into whether the allegations qualify for the exception. . .. Instead, the exception

applies if the complaint makes a plausible allegation that the prisoner faced "imminent danger of

serious physical injury" at the time of filing." Id. at 1055.

### B. Plaintiff Has Accrued Three-Strikes

Review of court records[3] demonstrates that plaintiff has previously been designated a

---

[2] The full fee includes the $350.00 filing fee and the $50.00 administrative fee. In contrast,
plaintiffs proceeding in forma pauperis need not pay the $50.00 administrative fee.

[3] This court may take judicial notice of its own records and the records of other courts. See
United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004); United States v. Wilson, 631
F.2d 118, 119 (9th Cir. 1980); see also Fed. R. Evid. 201.

2

"three-strikes litigant" under 28 U.S.C. § 1915(g), on the ground that three or more of his prior federal actions were dismissed because they were frivolous, malicious, or failed to state a claim upon which relief may be granted.  See e.g. Hendon v. Baroya et al., Case No. 1:09-cv-0911 MJS (PC) (E.D. Cal. July 29, 2010) (ECF No. 14); Hendon v. Kulka et al., Case No. 2:14-cv-2581 AC P (E.D. Cal. Aug. 3, 2015) (ECF No. 6); Hendon v. Carillo, No. 2:17-cv-0170 CKD P (E.D. Cal. Feb. 28, 2017) (ECF No. 6); Hendon v. Davey, Case No. 2:17-cv-0169 KJN P (E.D. Cal. Mar. 23, 2017) (ECF No. 6); Hendon v. California Medical Facility et al., Case No. 2:17-cv-0171 DB P (E.D. Cal. July 24, 2017) (ECF No. 6).

The undersigned has conducted an independent review of several of plaintiff's cases and concurs that, on at least three occasions prior to the filing of the present action, plaintiff brought civil actions that were dismissed for failure to state a claim upon which relief may be granted. The court's conclusion is based on the dispositions of the following actions: (1) Hendon v. Rogel, 2:05-cv-1063 DFL PAN P (E.D. Cal.) (dismissed August 28, 2006 for failure to state a claim, see ECF Nos. 14-5); (2) Hendon v. Witcher, 1:05-cv-1246 AWI DLB P (E.D. Cal.) (dismissed August 6, 2007 for failure to state a claim, see ECF Nos. 18-9); and (3) Hendon v. White, 2:07-cv-1825 GEB CMK (PC) (E.D. Cal.) (dismissed February 5, 2008 for failure to state a claim, see ECF Nos. 9-10).

Accordingly, plaintiff is precluded from proceeding in forma pauperis in the instant action unless the complaint demonstrates that plaintiff was under imminent danger of serious physical injury when he filed the complaint.  See 28 U.S.C. 1915(g).

C.     Plaintiff's Allegations

Plaintiff filed his initial complaint in this action on January 25, 2017.  See ECF No. 1. Thais complaint is virtually identical to the complaint filed in Hendon v. California Medical Facility et al., Case No. 2:17-cv-0171 DB P (both complaints allege the denial of prison law library services to disabled prisoners including plaintiff), except the latter complaint expressly addressed the question of imminent danger.  In that case, the court rejected plaintiff's imminent danger arguments and directed him to pay the filing fee.  When plaintiff failed to pay the fee, the case was dismissed.

3

On February 21, 2017, plaintiff filed the First Amended Complaint (FAC) in the instant action.  See ECF No. 5.  The FAC is virtually identical to the fuller complaint filed in Case No. 2:17-cv-0171 DB P, except that here plaintiff now alleges the denial of equivalent group therapy services (rather than library access) to disabled prisoners.  Plaintiff seeks compensatory damages against defendants "California Medical Facility, Department of State Hospitals, Acute Psychiatric Program," psychologist Schultz, and social workers Campbell and McNeil.

The FAC asserts that plaintiff is in imminent danger, and should be excepted from the three-strikes rule, for the following reasons: (1) "In view of the multiple institutional transfers [plaintiff] has experienced," and "a significant probability that plaintiff will be transferred again" to the DSH-CMF (Department of State Hospitals-California Medical Facility), "the systemic exclusion of DSH-CMF inmates from participating in group therapy present[s] a live controversy 'capable of repetition, yet evading review;'" and (2) if plaintiff is again transferred to DSH-CMF, it is "likely to result in DSH-CMF officials forcibly medicating him" and again subjecting him to "five-point" restraints.  ECF No. 5 at 7.

Imminent danger of physical injury must be demonstrated at the time an action is commenced.  See Andrews, 493 F.3d at 1053 and citations therein.  In the present case, whether premised on alleged inequalities in library access (original complaint) or group therapy services (FAC), plaintiff has asserted he is in imminent danger only because he might be transferred to DSH-CMF.  Allegations that are overly speculative do not established imminent danger.  Id. at 1057 n.11.  The unfolding of events underscores this point.  Although plaintiff was transferred from CSP-SAC to CSP-COR, he was not transferred to DSH-CMF.  Moreover, the exception to the three-strikes rule applies only when the alleged imminent danger "is fairly traceable to allegedly unlawful conduct complained of in the pleading."  Pettus v. Morgenthau, 554 F.3d 293, 298 (2d Cir. 2009).  "Absent some nexus between a complaint's claims and its allegation that a plaintiff is under imminent danger of serious physical harm, the injury-in-fact that Congress so carefully excepted from the general requirement that a three-strikes litigant pay his filing fees could go unaddressed by the litigation – a result clearly contrary to the raison d'être of the exception itself."  Id.  The required nexus is not present in the instant case.

For these reasons, the undersigned finds that plaintiff has failed to demonstrate he was under imminent danger of serious physical injury when he filed either complaint in this action. Because these circumstances do not come within the exception of Section 1915(g), it is the recommendation of this court that plaintiff be required to submit the full filing fee in order to proceed.

III.     Conclusion

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall:

1. Indicate on the docket that plaintiff is currently incarcerated at California State Prison Corcoran; and

2. Randomly assign a district judge to this action.

Additionally, for the reasons set forth above, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion to proceed in forma pauperis, ECF No. 2, be denied with prejudice under 28 U.S.C. § 1915(g);

2. Plaintiff be directed to submit, within fourteen (14) days after the district judge adopts these findings and recommendations, the full filing fee of $400.00; and

3. Plaintiff be informed that failure to timely pay the filing fee will result in the dismissal of this action without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 6, 2018

_allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE